JOHN HAWKINS v. W. A. DAVIS and W. J. HARDEMAN.

SALE. *Fraudulent misrepresentations.* Where a vendor parts with the title and possession of property, although he may be induced to do so by fraudulent representation of vendee, it is a contract of sale. While the property remains in the hands of the fraudulent vendee, the sale

Hawkins *v.* Davis.

may be avoided at the election of the vendor; but a purchaser from fraudulent vendee, for value, without notice of the fraud, will get a good title.

Cases cited: *Arendale* v. *Morgan & Co.*, 5 Sneed, 703; *Gage* v. *Epperson*, 2 Head, 669.

Authority cited: Benjamin on Sales, 367–8.

FROM GILES.

Appeal from Circuit Court.

DEADERICK, J., delivered the opinion of the court.

The plaintiff sued the defendants in the Giles county Circuit Court to recover the contract price, or the value of 6,623 pounds of cotton. He alleges that he sold the cotton to one Pilant, who represented himself to be, and was, in fact, their agent in the purchase. Defendants deny the agency of Pilant, or any knowledge of any purchase by him of plaintiffs. There is some evidence tending to show that the defendants bought some cotton of Pilant.

The plaintiff insists that the charge of the court upon the question thus raised by the evidence was erroneous.

The court charged the jury, that if the plaintiff sold to Pilant, believing him to be the agent of defendants, and intended at the time of the sale to part with his title to said Pilant as such agent, and delivered the possession to him, and Pilant was not, in fact, the agent of defendants, and defendants were ignorant of these representations, and without intention to defraud, purchased the cotton from Pilant, and paid

him for it, they would get a good title, and plaintiff could not recover.

We are of opinion that this charge is sustained by the authorities. The cases cited to sustain the adverse view are, in part at least, cases in which the sales were made by persons having the mere possession, without apparent title, which is not sufficient to defeat the right of the real owner. But where the original vendor parts with his possession and title to the property, although. he may have been induced to do so by the fraudulent representations of his vendee,. it is a contract of sale, however fraudulent the devices used to procure it. Benjamin on Sales, 367–8.

While the property remains in the possession of the fraudulent vendee, the sale may be avoided at the election of the vendor. But if the fraudulent vendee sells and transfers the property to an innocent third person for a valuable consideration, such sale will vest the purchaser with the title which the claim of the original vendor cannot defeat. *Ib.* 5 Sneed, 703; 2 Head, 669.

There is no error in the record, and the judgment will be affirmed.